IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BILLY LONG, | ) |
| | ) Case No. 1:24-cv-238 |
| Petitioner | ) |
| | ) |
| v. | ) RICHARD A. LANZILLO |
| | ) Chief United States Magistrate Judge |
| PENNSYLVANIA PAROLE BOARD, | ) |
| et al. | ) |
| | ) MEMORANDUM OPINION |
| Respondents. | ) ON PETITION FOR WRIT OF |
| | ) HABEAS CORPUS (ECF No. 3) |
| | ) |

MEMORANDUM OPINION

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF No. 3) filed by Billy Long ("Petitioner") under 28 U.S.C. § 2254. Petitioner challenges the decision of the Pennsylvania Parole Board to deny him parole. For the reasons below, the Court will deny the petition and will deny a certificate of appealability.

I.    Relevant Background

Petitioner is serving a sentence of eight to 16 years' imprisonment imposed in 2014 by the Court of Common Pleas of Allegheny County at criminal docket numbers CP-02-CR-0013631-2013, CP-02-CR-0013689-2013, and CP-02-CR-0003844-2013 after he entered guilty pleas to charges including aggravated assault, persons not to possess firearms, and sexual assault. His minimum sentence date was March 31, 2021.

The Parole Board denied Petitioner parole on December 1, 2020, November 19, 2021, and November 9, 2023. He commenced this litigation on August 26, 2024, when he lodged a habeas petition in this Court. ECF No. 1 at 10. The petition and a brief in support were subsequently filed.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

ECF Nos. 3, 4. Therein, Petitioner asserts that the Parole Board's November 9, 2023, decision to deny him parole violated his constitutional right to due process.[2] Respondents filed a response. ECF No. 9. Petitioner did not file a reply.

The petition is ripe for consideration.

II.     Analysis

    A.     Exhaustion

State prisoners typically must "exhaust their claims in state court before seeking relief in federal courts." *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C § 2254(b)(1)(A)). In 2005, in *Defoy v. McCullough*, 393 F.3d 439 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that, aside from litigating an *ex post facto* claim, Pennsylvania law does not provide a mechanism by which a prisoner can challenge a parole denial. *Id.* at 445. Therefore, it held, a Pennsylvania prisoner who is challenging the denial of parole is exempt from the exhaustion requirement that applies to other constitutional claims. *Id.* The continuing validity of *Defoy*, however, has been called into question. *See, e.g., Begandy v. Pennsylvania Bd. of Prob. & Parole*, 2021 WL 1986415, at *4 (W.D. Pa. May 18, 2021); *Bradley v. Wingard*, 2017 WL 11476608, at *1 (W.D. Pa. Oct. 12, 2017), *report and recommendation adopted*, 2018 WL 10150909 (W.D. Pa. Sept. 5, 2018). But the Court need not consider in this case whether *Defoy* is still good law because Petitioner's claim has no merit and because it is more efficient for the Court to deny it on that basis. *See Roman v. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012) (holding that a federal court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits"); *Taylor v. Horn*, 504 F.3d 416, 427

---

[2] The instant petition was timely filed because it was filed within one year of the date the Parole Board's decision became final. 28 U.S.C. § 2241(d)(1) (one-year limitations period); *McAleese v. Brennan*, 483 F.3d 206 (3d Cir. 2007) (applying AEDPA's limitations period to parole denial and measuring that period from the date of the parole denial).

(3d Cir. 2007) ("Here, because we will deny all of [petitioner's] claims on the merits, we need not address exhaustion."); *Lee v. Pennsylvania Bd. of Prob. & Parole*, 2019 WL 5191968, at *2 (W.D. Pa. Oct. 15, 2019); *see also* 28 U.S.C § 2254(b)(2).

B.  Merits

Petitioner argues that his substantive due process rights were violated by the Parole Board's most recent denial of parole.[3] The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. The Court of Appeals for the Third Circuit has held that "once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). *See also Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010). The Supreme Court also has held that "although a person may have no 'right' to a valuable government benefit, and may be denied it for any number of reasons, 'there are some reasons upon which the government may not rely.'" *Burkett*, 89 F.3d at 139 (citing *Perry v. Sindermann*, 408 U.S. 593, 597 (1972)). Under substantive due process, as the term has been construed by the courts, a state may not deny parole on constitutionally impermissible grounds. *Id.* at 140. In addition, a state may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. *Block*, 631 F.2d at 237.

But the Third Circuit has stressed that a substantive due process claim based upon alleged arbitrary and capricious action is not easily mounted. *Hunterson v. DiSabato*, 308 F.3d 236, 246-47 (3d Cir. 2002). That is because the relevant level of arbitrariness required to find a substantive

---

[3] Petitioner correctly advances his substantive due process rights rather than his procedural due process rights. There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Thus, absent a liberty interest in parole, a state's decision to deny parole does not implicate procedural due process protections.

3

due process violation involves not merely action that is unreasonable, but rather, something more egregious, which the Third Circuit has termed at times "conscience shocking." *Id.* at 246-47. The appeals court has made clear that "only the most egregious conduct will be considered arbitrary in the constitutional sense." *Id.* at 247-48. *See also Newman*, 617 F.3d at 782 ("Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct.") (internal quotations and citations omitted). It also has stated: "[F]ederal courts are not authorized to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001) (emphasis added); *Newman*, 617 F.3d at 782 ("The conduct must be intended to injure in some way unjustifiable by any government interest[.]") (internal quotations and citations omitted).

      The Parole Board informed Petitioner that his parole was denied for the following reasons:

> Your risk and needs assessment indicating your level of risk to the community.
> Your prior unsatisfactory supervision history.
> Reports, evaluations and assessment/level of risk indicates your risk to the community.
> Your failure to demonstrate motivation for success.
> Your minimization/denial of the nature and circumstances of the offense(s) committed.
> Your lack of remorse for the offense(s) committed.
> Other factors deemed pertinent in determining that you should not be paroled: multiple fire arms offenses.
> The nature of your crime.

ECF No. 3-3 at 2.

      Petitioner does not dispute the relevancy and legitimacy of these factors or that they bear a rational relationship to the interests of the Commonwealth; rather, he challenges the Parole Board's assessment of these factors in relation to him. For instance, he argues that his prior supervision history, which includes a DUI conviction and a technical violation while on parole, is "not

4

substantial enough to support" the Board's conclusion as to the unsatisfactory nature of that history. ECF No. 4 at 7, 9.[4] But such disagreements with the Parole Board's assessments do not establish a right to habeas relief. He does not direct the Court to any factor relied upon by the Board that could be described as "conscience shocking." Instead, he asks the Court to second-guess the Board in its analysis. As set forth above, "federal courts, on habeas review, are not to 'second-guess parole boards,' and 'the requirements of substantive due process are met if there is some basis for the challenged decision." *Hunterson v. DiSabato*, 308 F.3d 236, 246 (3d Cir. 2002) (quoting *Coady*, 251 F.3d at 487). Because the Parole Board advanced multiple bases for its denial, its decision does not offend substantive due process.

For these reasons, Petitioner is not entitled to habeas relief. His petition will be denied.

III.  Certificate of Appealability

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. AEDPA limits the issuance of a certificate of appealability to circumstances where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Petitioner failed to allege the denial of a constitutional right that would entitle him to habeas relief, let alone demonstrate a substantial showing of the denial of such a right. Accordingly, the Court will not grant him a certificate of appealability on his claim.

An appropriate Order follows.

---

[4] Petitioner also objects to inconsistencies in the reasons cited by the Parole Board over the course of its three denials of parole. ECF No. 4 at 4-5. These inconsistencies may be the result of a change in Board members or other relevant circumstances; however, even if they are not, they simply do not implicate due process concerns. *See Rodriguez v. Shannon*, 2007 WL 2345289, at *4 n.7 (E.D. Pa. Aug. 16, 2007) (explaining that due process does not preclude the Parole Board from relying on circumstances that were present but not specifically noted in prior decisions.) In any event, the inconsistencies cited by Petitioner are not so great as to rise to the level of conscience shocking.

BY THE COURT,

RICHARD A. LANZILLO
Chief United States Magistrate Judge

Dated: May 13, 2025